

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| IN THE INTEREST OF:<br>S.S., a child under seventeen years of age. | ) ) ) | |
| LAWRENCE COUNTY JUVENILE OFFICE, | ) ) ) | |
| Petitioner-Respondent, | ) ) | |
| vs. | ) ) | No. SD36181 |
| B.S., | ) ) | **Filed: March 18, 2020** |
| Respondent-Appellant. | ) ) | |

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Scott S. Sifferman, Associate Circuit Judge

**AFFIRMED**

The trial court terminated the parental rights of B.S. ("Mother"), the mother of S.S. ("Child"), finding: (1) that Child had been in foster care for at least 15 of the last 22 months, under section 211.447.2(1); (2) that Mother failed to provide for the support of Child, under section 211.447.5(1)(b); (3) that Child had been neglected, under section 211.447.5(2); and (4) that the factors that caused Child to be brought into the custody of the Lawrence County Children's Division under the jurisdiction of the trial court

1

continued to exist and would continue to exist for an unknown period of time, under section 211.447.5(3). Mother challenges the grounds as against the weight of the evidence. If any ground exists, we need not address all the grounds. "Only one statutory termination ground is needed to sustain the judgment." *Interest of Z.L.G.*, 531 S.W.3d 653, 655-56 (Mo.App. S.D. 2017) (en banc). We shall address Point III, the question of whether the factors that caused Child to be brought into custody still exist and will continue to exist for an unknown period of time (commonly referred to as a "failure to rectify"). We answer that question "yes" and affirm the judgment of the trial court.

The facts relevant to the termination of parental rights are fairly straightforward and not contested. Child's eldest sibling claimed that she had been sexually assaulted by their father ("Father"). Father was criminally charged, but the criminal trial had not taken place at the time of the termination of parental rights hearing. Father was ordered to have no contact with his children, including Child.[1] Mother did not believe the allegations and sided with Father. She admitted at the hearing that Child could not reside with her because of Father's presence and could not reside with them in the near future. Mother is dependent upon Father and Father is dependent for his care on Mother. Mother has no plans to change her home to one without Father.

The conditions that caused Child to come into the jurisdiction of the court were the result of the allegations of sexual abuse of Child's eldest sister by Father and the ensuing court order that Father have no contact with Child. Mother admits those conditions continued to exist at the time of the hearing and will continue for an unknown time. Mother cannot care for Child as long as Father is in the home and Mother has chosen to remain in the home with

---

[1] At the time of the termination of parental rights hearing, Child's eldest sibling was over the age of eighteen. Further, Child's next eldest sibling would turn eighteen the week of the hearing and that case was dismissed on the day of the hearing. This matter now concerns only Child.

2

Father.[2]

Point III is denied. One ground exists on which to base the termination of Mother's parental rights. The judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs

---

[2] Mother argues that she substantially complied with the terms of the written service agreement; however, the thrust of the service agreement was to facilitate the relationship between Mother and Child. The evidence indicated that Mother's efforts during therapy involved convincing all three of her children that Father had not sexually assaulted Child's sister. Attending the classes and therapy did not resolve the issue before Children's Services.